■ In the Matter of PETER F. MAGRINO, as Assistant Florida State Attorney, Respondent. JAMES LAMPLEY et al., Appellants. [640 NYS2d 545] —Order, Supreme Court, New York County (Herbert Adlerberg, J.), entered February 23, 1996, which granted petitioner's application pursuant to CPL 640.10 to compel the appearance of the custodian of records of Home Box Office (HBO) and James Lampley as material witnesses in a criminal proceeding in Florida, unanimously modified, on the facts, to the extent of dismissing as abandoned the application to produce Lampley, and otherwise affirmed, without costs.

The IAS Court properly concluded that the published and unpublished video footage of the HBO interview with the Florida criminal defendant was "material and necessary" under CPL 640.10 (2). For one thing, there is a "logical relationship" between the aired footage and the "subject matter of the [manslaughter trial]" (*Matter of Codey [Capital Cities, Am. Broadcasting Corp.]*, 82 NY2d 521, 529).

The unused outtakes of the interview should be produced as well. Given that the broadcast version of the tape itself contains material evidence for the criminal prosecution, a factual predicate for concluding that it is likely that the outtakes will contain material information about the shooting has been provided. Moreover, since the aired excerpts of the interview are disjointed, it is likely they are preceded by key discussions that were not broadcast. Finally, we note that the aired excerpts and any additional excerpts regarding the shooting that are found in the outtakes are "necessary" (*Matter of Codey [Capital Cities, Am. Broadcasting Corp.], supra*, at 528-529) to the Florida prosecution, since they are the most detailed accounts of the incident ever made by the defendant himself.

We have also considered HBO's contention that this State's Shield Law (Civil Rights Law § 79-h) should be invoked to prevent disclosure of the videotapes and find it to be without merit. Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.